[717 NYS2d 337]

In the Matter of JEFFREY J. WEINSTEN (Admitted as JEFFREY JOSEPH WEINSTEN), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, December 11, 2000

## APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains (*Fredda Fixler-Fuchs* of counsel), for petitioner.

*Jeffrey J. Weinsten,* North Salem, respondent *pro se.*

## OPINION OF THE COURT

Per Curiam.

The respondent was served with a petition containing three charges of professional misconduct. In his answer, the respondent admitted Charges One and Three, but denied Charge Two. At the hearing, the Grievance Committee's case consisted of the parties' stipulation, with attachments, in which the respondent stipulated to the factual allegations contained in Charges One and Three. The respondent testified on his own behalf. At the conclusion of the hearing, the Special Referee sustained all three charges. The Grievance Committee now moves to confirm the Special Referee's report. The respondent opposes the Grievance Committee's motion and contends that the sanction imposed should be limited to a two-year suspension.

Charge One alleged that the respondent has been convicted of a serious crime within the meaning of Judiciary Law § 90 (4) (d) and 22 NYCRR 691.7 (b):

On June 23, 1997, the respondent was convicted of three counts of mail fraud, in violation of 18 USC § 1341, in the United States District Court for the Eastern District of New York. On March 31, 1998, he was sentenced to a one-year period of probation with a special condition of six months' home detention, fined $2,000, and ordered to pay $36,000 in restitution. On January 27, 1999, the United States Court of Appeals for the Second Circuit affirmed his conviction.

Charge Two alleged that, based on the factual allegations contained in Charge One, the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]).

Charge Three alleged that the respondent failed to file a record of his conviction of mail fraud with this Court within 30 days of such conviction, in violation of Judiciary Law § 90 (4) (c).

Based on the stipulation of the parties and the evidence adduced at the hearing, all three charges were properly sustained by the Special Referee.

In determining the appropriate measure of discipline to impose, the respondent alleges that he did not commit the crimes of which he was convicted, and asks this Court to consider that the District Court Judge before whom he was tried did not believe that his guilt was proven beyond a reason-

able doubt and stated on the record that the conviction was offensive but that he felt constrained to uphold it. The respondent also asks the Court to consider his otherwise unblemished record, that his conviction did not involve the practice of law, that he received the minimum allowable sentence, and that he has served his sentence and paid all fines and restitution. The respondent contends that the sanction imposed should be limited to a two-year suspension, of which he has already served one year. The respondent has no prior disciplinary record.

The respondent engaged in a scheme to defraud by selling defective chemical protective suits to the United States Coast Guard (hereinafter the Coast Guard). He used the mail to represent that the suits met military specifications when, in fact, he knew that they were defective and did not meet such specifications. Moreover, he failed to inform the Coast Guard that the suits had failed two prior military inspections and falsely told the Coast Guard that their only flaw was that some of the suits had a small discoloration on the outside. The suits were subsequently sent to Coast Guard personnel in the Persian Gulf who were participating in Operation Desert Storm.

Under these circumstances, the respondent is disbarred for his professional misconduct.

Mangano, P. J., O'Brien, Ritter, Santucci and Thompson, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Jeffrey J. Weinsten, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see, 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Jeffrey J. Weinsten is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority,

(3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.